<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVIER NEST,<br><br>            Plaintiff,<br><br>   v.<br><br>NATIONSTAR MORTGAGE, LLC, et al.<br><br>           Defendants. | Civil Action No. 16-4282 (ES) (MAH)<br><br>OPINION |

SALAS, DISTRICT JUDGE

Pending before the Court is the motion for temporary restraints and preliminary injunction filed by *pro se* Plaintiff Javier Nest. (D.E. No. 3). The motion is unopposed; Defendants National City Mortgage LLC; E* Trade Bank N.A.; PNC Mortgage; National City Mortgage Co; and Mortgage Electronic Registration Systems, Inc. have not responded. The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons discussed herein, the Court DENIES Plaintiff's motion.

**I.      FACTUAL BACKGROUND & PROCEDURAL HISTORY**

On December 22, 2003, Plaintiff obtained a mortgage in the amount of $403,750 from Defendant National City Mortgage Co., d/b/a Commonwealth United Mortgage Company (the "Mortgage"). (D.E. No. 1, Complaint ("Compl.") ¶ 15). The Mortgage was secured by property located at 224 South Fifth Street, Elizabeth, New Jersey (the "Property"). (*Id.* ¶¶ 7, 15). A note was secured by First Mortgage (the "Note") for the Property in favor of Defendant Mortgage Electronic Registration System, Inc. (*Id.* ¶ 15).

1

According to Plaintiff, the Note was lost and the Mortgage was improperly assigned to Defendant PNC Mortgage, and subsequently Defendant E* Trade Bank, N.A. (*Id.* ¶ 16). Given that the Note was lost and the Mortgage was improperly assigned, Plaintiff contends that "none of the Defendants in this case, hold a perfected and secured claim in the Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiff's estate." (*Id.* ¶ 37).

In addition, Plaintiff claims that Defendant National City Mortgage "illegally, deceptively, and/or otherwise unjustly, qualified Plaintiff for a loan which Defendant National City Mortgage Company . . . knew or should have known that Plaintiff could not qualify for or afford." (*Id.* ¶ 39).

On July 13, 2016, Plaintiff filed the Complaint against Defendants. (D.E. No. 1). Plaintiff asserts ten causes of action: (1) lack of standing/wrongful foreclosure; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) slander of title; (6) quiet title; (7) declaratory relief; (8) violation of TILA and HOEPA; (9) violation of RESPA; and (10) rescission. (*See* Compl.). A portion of Plaintiff's Complaint discusses the history of securitized loans and bank buyouts. (*See id.* ¶ 17, 18).

On August 17, 2016, Plaintiff filed the instant motion for temporary relief. (D.E. No. 3 Plaintiff Brief in Support of Motion for Temporary Restraints ("Pl. Mov. Br.")). According to Plaintiff, a temporary restraining order is necessary because "Plaintiff's home was illegally sold on August 10, 2016 and Plaintiff is subject to eviction actions, without immediate intervention from this Court." (*Id.* at 2). Plaintiff contends that "Defendants [sic] Attorney sent a letter harassing tenants out of property still within the 10 days right of rescission preview by law." (*Id.*).

Plaintiff's motion is unopposed. Indeed, it is unclear whether Plaintiff properly served a copy of the Summons and Complaint upon Defendants.

## II. DISCUSSION

As a threshold matter, the Court has strong concerns regarding subject matter jurisdiction. In particular, based on the relief Plaintiff seeks—particularly a declaration that Defendants do not have a right to foreclose on the Property—it is quite possible that the *Rooker-Feldman* doctrines bars relief in federal court.

The *Rooker–Feldman* doctrine bars federal district courts from hearing cases "that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). In other words, the *Rooker–Feldman* doctrine bars a suit where "a favorable decision in federal court would require negating or reversing the state-court decision." *Id.* at 170 n.4 (citations omitted). The Third Circuit has specifically held that the *Rooker–Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision. *See Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013); *Manu v. Nat'l City Bank of Indiana*, 471 F. App'x 101, 105 (3d Cir. 2012); *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152 (3d Cir. 2008); *Ayres–Fountain v. E. Sav. Bank*, 153 F. App'x 91, 92 (3d Cir. 2005).

Four requirements must be met for the *Rooker–Feldman* doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co.*, 615 F.3d at 166 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim" and they are "closely related." *Id.*

Even without all of the relevant factual background, it would appear that the *Rooker-Feldman* doctrine bars the instant case. As to the first prong, the Court can infer that Plaintiff lost in state court. Exhibits submitted in furtherance of the motion support the inference that foreclosure occurred. For example, a notice to tenants at 224 S Fifth Street indicates that the owner lost the Property due to foreclosure. (*See* D.E No. 3, August 11, 2016 Notice to Tenants). If the Property was foreclosed, it would have occurred as a result of Plaintiff's loss in state court.

As to the second and fourth prongs, it would appear that Plaintiff complains of injuries caused by the foreclosure and that Plaintiff is inviting the Court to review the state court foreclosure judgment. To begin, Plaintiff's prayer for temporary restraints requests that the Court: (1) order that the sheriff's sale be vacated as unlawful and void; (2) temporarily restrain Defendants and their agents from selling or attempting to sell the Property; and (3) declare that Defendants do not legally hold the Note or Mortgage and that they do not have a right to foreclose on the Property. (Pl. Mov. Br. at 7). The last request—a declaration that Defendants do not have a right to foreclose the Property—is sufficient to satisfy the second and fourth prong under *Rooker-Feldman*; it implies that Plaintiff takes issue with the foreclosure judgment and would require an order invalidating the state court foreclosure judgment. *See Gage*, 521 F. App'x at 51 (holding that federal plaintiff's challenge to foreclosure judgment and sale was barred by *Rooker-Feldman*).

As to the third prong, it is unclear whether the state court judgment was rendered prior to institution of the instant federal case.[1] Nevertheless, it would not be a logical leap to infer that a foreclosure judgment was rendered before the instant case was filed on July 13, 2016. (*See* D.E. No. 1). As early as June 22, 2016, Plaintiff received notices from the Union County Sheriff's

---

[1] On August 24, 2016, counsel for Defendant PNC Mortgage submitted a letter seeking leave to file an Answer out of time. (D.E. No. 5). In the letter, counsel indicated that "[t]he case involves a residential foreclosure which is the subject of a foreclosure action in New Jersey state court." (*Id.*). It is unclear whether the foreclosure action is ongoing or judgment has been entered.

Office indicating that "the Sheriff's Office has granted an adjournment of the above captioned matter from WEDNESDAY, 6/29/2016 to WEDNESDAY 7/13/2016, same time and place." (*See* D.E. No. 3, June 22, 2016 letter). Plaintiff received a similar adjournment notification on July 13, 2016. (*See* D.E. No. 3, July 13, 2016 letter). Based on the language of the letters—particular "same time and place"—it would appear that the Union County Sheriff's Office was adjourning the sheriff's sale, from which the Court can infer that a foreclosure judgment was already rendered.

Given the high likelihood that a foreclosure judgment was rendered prior to July 13, 2016, it is likely that the *Rooker-Feldman* doctrine bars Plaintiff's request for temporary restraints. Accordingly, the Court likely lacks subject matter jurisdiction.

In the event that the Court did have proper subject matter jurisdiction, Plaintiff's motion must be denied. Federal Rule of Civil Procedure 65 allows district courts to grant injunctive relief in the form of temporary restraints. Fed. R. Civ. P. 65. "[I]njunctive relief is "an extraordinary remedy . . . which should be granted only in limited circumstances." *AT&T v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994)). For a court to grant injunctive relief, a party must demonstrate: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.,* 369 F.3d 700, 708 (3d Cir. 2004).

Here, the Court concludes that Plaintiff fails to establish likelihood of success on the merits and irreparable harm. In a very conclusory fashion, Plaintiff states that the Complaint successfully alleges eleven causes of action.[2] (Pl. Mov. Br. at 6). However, Plaintiff does not provide any further elaboration as to the merits of the eleven causes of action.

---

[2] The Complaint list ten causes of action.

Moreover, irreparable harm is lacking. Plaintiff alleges that there is "no other plain, speedy or adequate remedy and the injunctive relief prayed for . . . is necessary and appropriate at this time to prevent irreparable loss to Plaintiff." (Compl. ¶ 56). This is the only reference to irreparable harm, and it is contained within the Complaint. However, it would appear that, at the time Plaintiff filed the instant motion on August 17, 2016, Plaintiff already lost possession to the Property. Indeed, Plaintiff alleges that a sheriff's sale occurred on August 10, 2016. (Pl. Mov. Br. at 2). Thus, there is no irreparable harm to preclude because Plaintiff already lost possession to the Property.

Moreover, Plaintiff's allegations that Defendants are harassing tenants with eviction are not supported. Rather, the August 11, 2016 Notice to Tenants located at 224 S Fifth Street indicates that the former owner of the Property lost possession as a result of foreclosure, but that the tenants should continue to pay rent to PNC Mortgage. (*See* D.E. No. 3, August 11, 2016 letter). Moreover, the Notice to Tenants clearly indicates that foreclosure is not a ground for eviction, and that they, with limited exceptions, have the right to remain at the Property. (*See id.*). Thus, this Notice to Tenants seems to undermine Plaintiff's position that Defendants are harassing tenants.

### III.  CONCLUSION

Given Plaintiff's failure to establish likelihood of success on the merits and irreparable harm, as well as the Court's concerns regarding subject matter jurisdiction, the Court DENIES Plaintiff's motion for temporary restraints. An appropriate Order accompanies this Opinion.

s/ *Esther Salas*  
**Esther Salas, U.S.D.J.**
