UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVIER NEST, | Civ. No. 16-4282 (ES) |
| Plaintiff *Pro Se*, | |
| v. | REPORT AND RECOMMENDATION |
| NATIONSTAR MORTGAGE, LLC, et al., | |
| Defendants. | |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court on this Court's June 15, 2017 Order to Show Cause, D.E. 26, why Plaintiff Javier Nest's Complaint should not be dismissed for failure to prosecute. Plaintiff failed to file a response to the Order to Show Cause. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers. For the reasons below, the Court respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice.

## I. BACKGROUND

Plaintiff filed the instant Complaint against Defendants Nationstar Mortgage, LLC, E* Trade Bank N.A., PNC Mortgage, National City Mortgage Co., Mortgage Electronic Registration Systems, Inc. and John Does on July 13, 2016. Compl., D.E. 1. Plaintiff alleges that Defendants wrongfully foreclosed on his home because they all lacked standing to do so. *Id.* at 10-22.

On September 6, 2016, PNC Mortgage filed a motion to dismiss Plaintiff's Complaint, D.E. 10. This Court entered an Order on November 4, 2016, staying discovery in this matter

until Defendant's then-pending motion to dismiss was resolved, and sent notice of the Order to Plaintiff at his address listed on the Court's docket via certified mail. D.E. 16. On November 17, 2016, Plaintiff filed a motion to strike Defendants' motion to dismiss. D.E. 17. E* Trade Bank, MERS, Nationstar filed a motion to dismiss on November 22, 2016. D.E. 18. On December 1, 2016, PNC filed an opposition to Plaintiff's motion to strike. D.E. 19. On December 29, 2016, the certified mail sent to Plaintiff in November was returned to the Court as undeliverable. *See* Certified Mail Returned as Undeliverable, Dec. 29, 2016, D.E. 21. On March 23, 2017, the two motions to dismiss and the motion to strike were all terminated so that Defendants could file one global motion to dismiss. Order, Mar. 23, 2017, D.E. 22. That global motion to dismiss was filed on April 28, 2017 and remains pending. Joint Motion to Dismiss, Apr. 28, 2017, D.E. 23. Plaintiff has failed to respond to the motion. Accordingly, this Court entered an Order to Show Cause on June 15, 2017, directing Plaintiff to show cause in writing why his Complaint should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41. Order to Show Cause, June 15, 2017, D.E. 26. As of the date of this Report and Recommendation, Plaintiff has failed to respond or file anything additional on the docket.

## II. LEGAL ANALYSIS

### A. Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Dismissal of a Plaintiff's complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit provided the factors that this Court must weigh in determining whether to dismiss a complaint pursuant to Fed. R. Civ. P. 41(b).

Specifically, the Court must consider six factors in deciding whether the sanction of dismissal is appropriate: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868; *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (applying *Poulis* factors). No single *Poulis* factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hovey v. LaFarge North America Inc.*, Civ. No. 07-2193, 2008 WL 305701, *2 (D.N.J. Jan. 29, 2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). *See also Rosado v. Adams*, Civ. No. 07-1914, 2009 WL 1181217, *1-3 (M.D. Pa. April 30, 2009) (applying *Poulis* analysis to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)); *Vrlaku v. Citibank*, Civ. No. 05-1720, 2005 WL 2338852, *2-3 (D.N.J. Sept. 23, 2005) (same, and noting that "[a] Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers."); s*ee also ODTA Systems LLC v. Daewood Electronics America*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("Failure to prosecute does not require that a party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.") (citations omitted). While not all these factors necessarily apply in every case, the Court is obligated to consider any factors that do apply.

      **i.**      **The extent of the party's personal responsibility**

In the instant case, Plaintiff has failed to file an opposition to Defendants' motion to dismiss, D.E. 23, which was due on or before May 22, 2017. In addition, Plaintiff has failed to comply with the Order to Show Cause issued by the Undersigned on June 15, 2017, which

directed Plaintiff to show cause in writing why his Complaint should not be dismissed for failure to prosecute his case pursuant to Fed. R. Civ. P. 41. In addition, certain mail sent to Plaintiff has been returned to the Court as undeliverable. *See* D.E. 21, Dec. 29, 2016, Certified Mail Returned as Undeliverable. As a result of Plaintiff's inaction, this case has been brought to a virtual standstill with no indication that Plaintiff intends to continue to prosecute his claims. Accordingly, the Undersigned can only conclude that Plaintiff does not intend to further litigate his claims and has willfully chosen to abandon his suit.

The Court recognizes that as a *pro se* litigant, Plaintiff is not represented by counsel and may encounter challenges that a represented party would not face. However, at the same time Plaintiff cannot contend that his failure to prosecute this matter is the fault of his counsel. *See*, e.g., *Clarke v. Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005), *cert. denied*, 548 U.S. 907 (2006) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's error, the plaintiff here was *pro se* and directly responsible for her actions and inaction in the litigation."). Moreover, the record reflects that Plaintiff's failure to prosecute is not the result of his inability to comprehend or address a highly complicated or technical legal issue; it is the result of Plaintiff's failure to take basic action necessary to prosecute his claims, such as responding to motions, updating his address, and responding to Court Orders or explaining his inability to do so. In any event, a *pro se* plaintiff is solely responsible for prosecuting his case. *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (citations omitted). Accordingly, the first *Poulis* factor weighs in favor of dismissal.

##### ii. Prejudice to the Adversary

The Court must next consider whether Plaintiff's failure to prosecute this litigation has prejudiced his adversaries. Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. *Clarke*, 153 Fed. Appx. at 73 (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims).

In this case, Plaintiff's inactivity and failure to comply with the Court's orders has prejudiced Defendants. Defendants have been unable to keep moving this case forward and prepare a defense of this matter because Plaintiff has stopped litigating this matter. In short, Plaintiff's non-responsiveness has stalled Defendants' ability to defend themselves. Accordingly, this *Poulis* factor favors dismissal of Plaintiff's claims.

##### iii. History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether he has acted in bad faith. Clearly, since approximately November, Plaintiff has, by all appearances, abandoned prosecution of this matter. However, Plaintiff litigated this matter vigorously until that time, even filing a motion to strike Defendant's previous motion to dismiss. Plaintiff appeared to prosecute his claims and respond to the Court's Orders, even if occasionally imperfectly or inartfully. Under other circumstances, Plaintiff's earlier compliance with the Court's Orders might not favor dismissal, at least with prejudice.

For example, had Plaintiff's record of non-compliance over the past eight months not been so complete, or had the period of non-compliance been shorter, this factor might not weigh in Defendants' favor. But the record before the Court establishes that for eight months, Plaintiff has made no effort to comply with his obligations in prosecuting these claims or to explain to the Court and counsel his inability to do so. Therefore, the Court must conclude on the record before it that Plaintiff's failure to comply with its orders was willful and that he has chosen not to pursue his claims. *Porten*, 2011 WL 2038742, *2. Accordingly, this factor favors dismissal of Plaintiff's claims.

### iv. Alternative Sanctions

This factor also favors dismissal. First, Plaintiff's failure to comply with the Court's orders or explain his inability to do so strongly suggests that Plaintiff has abandoned his claims. *Porten*, 2011 WL 2038742, *3. Second, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations, such as when plaintiff is proceeding *pro se*. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

### v. Meritoriousness of the Claim or Defense

Finally, the Court must consider the merits of Plaintiff's claims and Defendant's defenses. However, the Court cannot adequately assess this factor due to Plaintiff's failure to comply with Court orders. *Porten*, 2011 WL 2038742, *3 (citing *Devito v. C.M.S. Dep't*, Civ. No. 05-3438, 2006 WL 756014, *3 (D.N.J. March 17, 2006)).

### III. CONCLUSION

On balance, each of the pertinent *Poulis* factors weighs in favor of dismissal. Therefore, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

          **s/ Michael A. Hammer**
          **UNITED STATES MAGISTRATE JUDGE**

Date: August 29, 2017